[J-118-2016] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 45 MAP 2016 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated September 4, 2015, |
| | : | reconsideration denied November 10, |
| v. | : | 2015, at No. 1764 EDA 2014 Affirming |
| | : | the Judgment of Sentence of the |
| | : | Northampton County Court of Common |
| QU'EED BATTS, | : | Pleas, Criminal Division, dated May 2, |
| | : | 2014 at No. CP-48-CR-0001215-2006. |
| Appellant | : | |
| | : | ARGUED: December 7, 2016 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE BAER**                                   **DECIDED: June 26, 2017**

I join the Majority Opinion in substantial part and write separately to distance myself in regard to one issue.

In Section VI, the Majority rejects Appellant Batts' legality of sentence claim in which he seeks resentencing for third-degree murder based upon his assertion that Pennsylvania's first-degree murder sentencing scheme for juveniles is unconstitutional. While I have no objection to the Majority's merits analysis of the issue, which tracks and expands this Court's analysis of a similar issue in *Commonwealth v. Batts,* 66 A.3d 286 (Pa. 2013) (*Batts I*), I do not believe the issue is properly before the Court.

Preliminarily, the issue of the constitutionality of the sentencing scheme for first-degree murder for juveniles was decided by this Court in *Batts I.* Additionally, Appellant failed to raise the issue in his current petition for allowance of appeal, resulting in waiver under Pa.R.A.P. 1115(a)(3) ("Only the questions set forth in the petition, or fairly

comprised therein, will ordinarily be considered by the court in the event that an appeal is allowed"). Moreover, after acknowledging his failure to raise the issue in his petition for allowance of appeal and asserting that the issue constitutes a non-waivable legality of sentence issue, Appellant fails to develop the issue in his initial brief to this Court; indeed, in contravention of Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities), he did not even identify the statutory provision, which he now claims is violated. Instead, he attempts to incorporate the argument developed in the brief filed by the *amicus curiae,* the Pennsylvania Association of Criminal Defense Lawyers (PACDL), in violation of this Court's longstanding declarations that "[a]*micus* cannot raise issues . . . which have not been preserved or raised by the parties," *Commonwealth v. Allshouse*, 36 A.3d 163, 179 n.18 (Pa. 2012), and that "incorporation by reference is an unacceptable manner of appellate advocacy." *Commonwealth v. Briggs*, 12 A.3d 291, 342 (Pa. 2011) (internal quotations and citations omitted). [1]

Although I acknowledge that challenges to the legality of sentence are non-waivable and in fact can be raised by a court *sua sponte*, I also recognize that a court is not required to address every unpreserved legality of sentence issue. In this case, I would have recommended denying review of this issue had Appellant raised it in his petition for allowance of appeal given that we addressed a very similar issue in regard to this defendant in 2013. Likewise, I would have declined to address the merits of the issue in this Court's opinion.

---

[1] Appellant devotes only one page of his over sixty page brief to this issue. While most of Appellant's discussion on this page addresses why this Court should decide this issue, Appellant fails to explain what the issue is or provide any relevant analysis beyond baldly asserting that we should reconsider our holding in *Batts I* rejecting his claim that he should be sentenced to third-degree murder. Appellant then attempts to "adopt" the argument of the PACDL contending that his sentence is illegal for failure to abide by the statutory requirement that a minimum term of imprisonment may not exceed one-half of the maximum term under 42 Pa.C.S. § 9756(b)(1). Brief at 62.

Although I differ on this limited issue, I join the majority in large part, including the procedure adopted in this case. I further observe that, under this procedure, nearly all juvenile offenders will be deemed to have the potential for rehabilitation, given the high bar which the Commonwealth must meet. Indeed, I believe it will be a rare case where the Commonwealth will be able to overcome the presumption and meet the burden of proving the impossibility of rehabilitation beyond a reasonable doubt, a high standard which I wholeheartedly agree is required under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Maj. Op. at 75-76.